Thoralf JOHNSON; Tarris Johnson and Laurie Johnson, husband and wife, Plaintiffs and Appellees,

v.

CENTER MUTUAL INSURANCE COMPANY, Defendant and Appellant.

Civ. No. 940241.

Supreme Court of North Dakota.

March 8, 1995.

Mitchell Mahoney (argued), Pringle & Herigstad, PC, Minot, for plaintiffs and appellees.

J. Philip Johnson (argued), Wold Johnson, P.C., Fargo, and Mark J. Butz (no appearance), Butz & Kraft, PC, Rugby, for defendant and appellant.

LEVINE, Justice.

Center Mutual Insurance Company appeals from a district court judgment determining that a farm liability policy issued by Center Mutual was ambiguous and construing the policy to provide coverage. We affirm and remand for a determination of reasonable attorneys fees for the appeal.

Thoralf Johnson owns and operates a farm south of Rolette, North Dakota. His son, Tarris, farmed with him for many years. Tarris and his wife, Laurie, lived in a mobile home on Thoralf's farm after their marriage in 1975. In 1985, Tarris and Laurie purchased their own farmstead a few miles away. Tarris purchased his own farm liability policy to cover his property and farming operation.

For many years Thoralf carried a farm liability policy issued by Center Mutual. In early 1989, Thoralf purchased an endorsement to his policy to add liability coverage for Tarris's farmstead. The named insureds on the endorsement are Thoralf and his wife, Julia. Center Mutual also issued a supplemental declaration sheet, listing Thoralf, Julia, Tarris, and Laurie as named insureds under the policy.

On October 29, 1990, while Thoralf and Tarris were working on Thoralf's farm, Thoralf attempted to jump start his tractor. The tractor ran over Tarris, seriously injuring him.

Thoralf contacted his agent about coverage under the liability portion of the policy. Center Mutual denied coverage, and Thoralf, Tarris, and Laurie brought this declaratory judgment action seeking to establish coverage. On a motion for summary judgment, the district court concluded that the policy is ambiguous and construed it to provide coverage.

Center Mutual asserts that liability coverage is excluded for injury to all named insureds by the following policy provision:

"Coverage L does not apply to liability:

"1. for *bodily injury* to *you,* and if residents of *your* household, *your* relatives, and persons under the age of 21 in *your* care or in the care of *your* resident relatives...."

Assuming that the term "you" includes all named insureds under the policy,[1] the dispositive issue is whether Tarris was a named insured for purposes of the exclusion. The original declaration sheets and the 1989 endorsement list Thoralf and Julia as the named insureds. Only the supplemental declaration sheet lists Tarris and Laurie as insureds under the policy.

The interpretation of an insurance policy, including the determination whether it is ambiguous, is a question of law, fully reviewable on appeal. *Northwest G.F. Mutual Insurance Co. v. Norgard,* 518 N.W.2d 179, 181 (N.D.1994); *State Farm Fire and Casualty Co. v. Sigman,* 508 N.W.2d 323, 325 (N.D.1993). An insurance contract is ambiguous if it can be reasonably construed as having at least two alternative meanings. *Norgard, supra,* 518 N.W.2d at 181; *State Farm Mutual Automobile Insurance Co. v. LaRoque,* 486 N.W.2d 235, 238 (N.D.1992).

There are at least two reasonable alternative meanings to the disputed language, and the policy is ambiguous on its face. There is no assertion that Tarris was a named insured prior to the October 1989 amendment to the policy, and the 1989 endorsement lists only Thoralf and Julia as the named insureds. The supplemental declaration sheet issued at the same time lists the named insureds as Thoralf, Julia, Tarris, and Laurie. The endorsement and the supplemental declaration sheet are inconsistent, and the policy is ambiguous on the crucial question whether Tarris is a named insured for whom liability coverage is excluded.

Having determined that the policy is ambiguous, we turn to the many special rules for construing insurance contracts. We recently summarized several of these rules in *Norgard, supra,* 518 N.W.2d at 181:

"Our goal when interpreting insurance policies, as when construing other contracts, is to give effect to the mutual intention of the parties as it existed at the time of contracting. NDCC § 9–07–03; ... Generally, we attempt to ascertain the intent of the parties through the language of the contract itself. NDCC § 9–07–04; ...

"We regard insurance policies as adhesion contracts, ... and therefore, in applying the rules to resolve ambiguities, we balance the equities against the insurer, i.e., in favor of providing coverage to the insured.... Furthermore, if the rules for interpreting a written contract do not remove uncertainty, the language of the contract is to be construed most strongly against the party who drafted the contract. NDCC § 9–07–19; ..."

Exclusions from broad coverage in an insurance policy must be both clear and explicit, and will be strictly construed against the insurer. *E.g., Thedin v. United States Fidelity & Guaranty Insurance Co.,* 518 N.W.2d 703, 706 (N.D.1994); 13 Appleman, Insurance Law and Practice § 7405 (1976); 12 Couch, Insurance § 44A:3 (2d ed. 1981).

The Johnsons assert that, when Thoralf purchased the additional coverage under the 1989 endorsement, he intended to protect himself from liability while working on Tarris's farm, and that he did not intend to add Tarris and Laurie as additional named insureds or exclude coverage for injuries he caused to them. The underlying premise of Center Mutual's argument is that it intended to provide additional liability coverage for Thoralf on Tarris's land, and to add Tarris and Laurie as named insureds, thereby providing liability protection for them under the policy. The Johnsons argue that Center Mutual's interpretation is undercut by the fact that the additional premium for the endorsement was only $13 annually, that Thoralf was billed for and paid all premiums on the policy, and that Tarris was not even aware of the endorsement until after he was injured.

---

1. The policy does not define the term "you," and the terms "you" and "insured" are used interchangeably at various points throughout the policy. The Johnsons assert that the policy is ambiguous because it does not clearly include Tarris within the term "you." Because we conclude that Tarris is not a named insured, we need not address the Johnsons' assertion that the term "you" is ambiguous and does not mean the same thing as "insured."

■ Special rules of construction govern policy endorsements. An endorsement is part of the insurance contract between the parties. *See* 13A Appleman, *supra,* at § 7537; 1 Couch, *supra,* at §§ 4:32, 4:36. The entire policy, including endorsements, is to be interpreted as a whole, with every attempt made to give effect to all provisions. *Continental Western Insurance Co. v. The Dam Bar,* 478 N.W.2d 373, 375 (N.D.1991); *Haugen v. Auto–Owners Insurance Co.,* 191 N.W.2d 274, 280 (N.D.1971); 13A Appleman, *supra,* at § 7537; 1 Couch, *supra,* at § 4:36. However, we have consistently held that when there is a conflict between an endorsement and other policy provisions, the endorsement prevails. *See Thedin, supra,* 518 N.W.2d at 706; *Hart Construction Co. v. American Family Mutual Insurance Co.,* 514 N.W.2d 384, 391 (N.D.1994); *LaRoque, supra,* 486 N.W.2d at 237; *The Dam Bar, supra,* 478 N.W.2d at 376; *Haugen, supra,* 191 N.W.2d at 280; *Miller v. State Automobile Insurance Association,* 74 N.D. 306, 21 N.W.2d 621, 633 (1946); *see also* 13A Appleman, *supra,* at §§ 7537, 7538; 1 Couch, *supra,* at § 4:36.

■ Reading this policy in light of the applicable rules of construction, we conclude that Tarris was not a named insured for purposes of the policy provision excluding liability coverage for named insureds under the policy. The 1989 endorsement is the insuring agreement which purportedly added Tarris as a named insured, yet that document lists only Thoralf and Julia, not Tarris, as insureds. Construing the exclusion strictly against the insurer, *see Thedin, supra,* 518 N.W.2d at 706, and giving precedence to the endorsement over other conflicting policy provisions, we interpret the policy to provide coverage because Tarris was not a named insured under the liability exclusion.[2]

■ The Johnsons request that we remand to the district court for an award of attorneys fees for defending this appeal. The district court awarded attorneys fees below based upon *State Farm Fire and Casualty Co. v. Sigman,* 508 N.W.2d 323 (N.D. 1993). Center Mutual did not challenge the award of attorneys fees by the district court, but now asserts that the language of the insurance policy does not support an award of attorneys fees for the appeal.

Our decision in *Sigman* is dispositive of this issue. In *Sigman,* the policy provided: "Claim Expenses. We pay ... reasonable expenses an insured incurs at our request." We concluded that this policy language was ambiguous:

"We disagree with State Farm that this policy language is unambiguous. The language can be reasonably interpreted to require the insurer to pay its insured's litigation expenses only for claims and lawsuits brought by third parties against the insured. However, it is not so expressed, and the language that State Farm will pay its insured's 'reasonable expenses' incurred at the company's 'request' is broad in scope and is without express conditions. That broad language can also be reasonably interpreted to require State Farm to pay its insured's expenses in defending a lawsuit by State Farm to determine policy coverage. Because there are several reasonable interpretations of this policy language, we conclude that the policy is ambiguous."

*Sigman, supra,* 508 N.W.2d at 325 (footnote omitted). We found persuasive the following reasoning of the Supreme Court of Washington:

---

2. Center Mutual argues that this result is inequitable, predicting that we would construe Tarris to be a named insured if he had negligently injured some third party and then sought liability coverage under this policy. We are not, of course, presented with that fact situation in this case, and need not resolve that question. We note, however, that different rules of construction may apply when construing coverage, as opposed to exclusions. In general, grants of coverage are construed broadly in favor of the insured, while exclusions are construed narrowly against the insurer. *E.g., Bering Strait School District v. RLI Insurance Co.,* 873 P.2d 1292, 1295 (Alaska 1994); *Shell Oil Co. v. Winterthur Swiss Insurance Co.,* 12 Cal.App.4th 715, 15 Cal. Rptr.2d 815, 829 (1993); *Grinnell Mutual Reinsurance Co. v. Employers Mutual Casualty Co.,* 494 N.W.2d 690, 693 (Iowa 1993); *see also Thedin, supra,* 518 N.W.2d at 706; *Emcasco Insurance Co. v. L & M Development, Inc.,* 372 N.W.2d 908, 911 (N.D.1985); 13A Appleman, *supra,* at §§ 7403, 7405; 2 Couch, *supra,* at § 15:93; 12 Couch, *supra,* at § 44A:3.

"When an insured purchases a contract of insurance, it seeks protection from expenses arising from litigation, not 'vexatious, time-consuming, expensive litigation with his insurer.' ... Whether the insured must defend a suit filed by third parties, appear in a declaratory action, or as in this case, file a suit for damages to obtain the benefit of its insurance contract is irrelevant. In every case, the conduct of the insurer imposes upon the insured the cost of compelling the insurer to honor its commitment and, thus, is equally burdensome to the insured.... Further, allowing an award of attorney fees will encourage the prompt payment of claims."

*Sigman, supra,* 508 N.W.2d at 325–326 (quoting *Olympic Steamship Co. v. Centennial Insurance Co.,* 117 Wash.2d 37, 811 P.2d 673, 680–681 (1991)). We concluded that the policy language was broad in scope, and construed it to require the insurer to pay its insured's attorneys fees in a declaratory judgment action to determine coverage. *Sigman, supra,* 508 N.W.2d at 326.

The policy language in this case is nearly identical to the language in *Sigman,* providing: *"Claims and Defense Cost Coverage ... We* pay ... the necessary costs incurred by *you* at *our* request." Just as in *Sigman,* there are two possible reasonable interpretations of this language: that the insurer only pays its insured's costs in lawsuits brought by third parties, or that the insurer must also pay its insured's costs in litigation to determine coverage. The language of the policy is "broad in scope" and "without express conditions." *Sigman, supra,* 508 N.W.2d at 325. In accordance with *Sigman,* we construe this language broadly to provide coverage for the insured's attorneys fees expended in litigation, including an appeal, to determine coverage.[3]

We affirm the judgment of the district court and remand for an award of reasonable attorneys fees for this appeal.

3. Center Mutual asserted that there were additional policy provisions which effectively excluded coverage for attorneys fees in this case. The language relied upon was found in policy provi-

SANDSTROM, Acting C.J., and NEUMANN, J., and VERNON R. PEDERSON and JAMES H. O'KEEFE, Surrogate Judges, concur.

JAMES H. O'KEEFE, Surrogate Judge, who was a district judge at the time this matter was heard, and VERNON R. PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., and VANDE WALLE, C.J., disqualified.

sions photocopied in Center Mutual's appendix. Those provisions are not found in the policy in the record before the district court, and we therefore have not considered them.