No. 115,882

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALLIANCE INDEMNITY CO.,
*Appellee*,

v.

WILLIAM KERNS and CHERITY KERNS,
*Appellants*.

SYLLABUS BY THE COURT

1.

Whether the district court has authority to award attorney fees is a question of law over which an appellate court has unlimited review.

2.

Interpretation of a statute is a question of law over which an appellate court has unlimited review. In examining a statute courts look for the intent of the legislature in enacting it. The intent of the legislature governs if that intent can be determined. Courts look for legislative intent by examining the words used by the legislature, giving common words their ordinary meaning. When the words are clear and the statute is unambiguous, courts do not speculate about the legislative intent behind the statute's clear language, nor do courts read something into the statute that is not readily found in its words.

3.

Interpretation of an insurance policy presents a question of law over which an appellate court has unlimited review. In doing so courts consider the policy as a whole and endeavor to ascertain the intention of the parties from the language used, taking into account the situation of the parties, the nature of the subject matter, and the purpose to be

accomplished. Insurance policy language is tested by what a reasonably prudent insured would understand the language to mean. If an insurance policy is ambiguous, the ambiguity is construed against the insurer.

4.

Kansas applies the traditional American rule for attorney fees: our courts will not assess attorney fees absent a statute authorizing an award of fees or an agreement between the parties.

5.

The Kansas Declaratory Judgments Act, K.S.A. 60-1711 in particular, provides that in proceedings under the Act courts may make such award of costs as may seem equitable and just. But "costs" under the Act do not include attorney fees.

6.

Attorney fees are not a part of costs, absent express statutory authority. The plain language of the Uniform Declaratory Judgments Act does not authorize a district court to award fees to parties to a declaratory judgment action. When the legislature uses the word "costs," it means the fees and charges of the court such as filing fees, fees for service of process, and the like. If the legislature intends to provide for the recovery of attorney fees, it knows very well what language to use in the statute to achieve that end.

7.

K.S.A. 40-908, which provides for attorney fees in certain instances to a prevailing plaintiff in an action against an insurance company on a policy that insures property against loss by fire, tornado, lightning, or hail, does not apply when the insured fails to obtain a judgment for a loss covered by the policy in excess of the amount tendered by the insurance company before commencement of the action.

8.

*Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974), is discussed and distinguished.

9.

Under the facts presented, there is no agreement between an insurer and its insured for the payment of attorney fees in connection with a first-party claim for uninsured motorist benefits because the uninsured motorist provisions of the policy make no provision for the payment of such fees.

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed June 2, 2017. Affirmed.

*Michael S. Mogenson*, of Mogenson & Branson, LLC, of Mission, for appellants.

*Mark B. Schaffer*, of Frischer & Schaffer, Chtd., of Overland Park, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

MCANANY, J.: In this appeal William and Cherity Kerns challenge the district court's denial of attorney fees they incurred in connection with a declaratory judgment action brought by Alliance Indemnity Co. (Alliance) to determine coverage under the Kernses' auto insurance policy.

*Facts*

The coverage issue was precipitated by an auto accident in July 2011 when Cherity and her minor son were involved in a head-on collision in Coffey County with a vehicle driven by Matthew Tucker. Cherity was driving an Enterprise rental vehicle

which was rented for her by her employer. Cherity and her son were injured and Tucker was killed. Tucker was driving a vehicle owned by Brandon Anderson.

The Kernses were insured under an auto policy issued by Alliance. Cherity's employer also carried a policy issued by Federal Insurance Company, and Cherity claimed she was covered by that policy as well. Tucker and Anderson were uninsured.

The Kernses sued Tucker's estate and Anderson in Johnson County for negligently causing Cherity's personal injuries. (The Kernses apparently settled for their son's injuries so his claim is no longer at issue.) The Kernses obtained default judgments in excess of $1.4 million against Tucker's estate and against Anderson. Because both Tucker and Anderson were uninsured at the time of the collision, Alliance paid uninsured motorist (UM) benefits of $100,000 to Cherity, the per-person policy limit under the Alliance policy.

Thereafter, in May 2013, the Kernses filed suit in the Circuit Court of Jackson County, Missouri, for breach of contract and various theories of indemnification. They claimed Cherity was covered under the policies issued by Federal Insurance and Alliance. They also claimed Cherity was entitled to UM benefits from Enterprise, the owner of the rental car Cherity was driving. It is unclear whether Enterprise was insured or was self-insured. The Kernses asked the Missouri court to determine, among other things, that they were entitled to stack the UM benefits in the Alliance policy based on the number of vehicles insured under the policy and the number of tortfeasors involved in the accident.

In August 2014, while the Missouri case was still pending, Alliance filed a petition for a declaratory judgment in Johnson County, seeking a determination of its applicable coverage under the policy and under the Kansas anti-stacking statutes.

4

The Kernses moved to dismiss Alliance's declaratory judgment action. They contended that this declaratory judgment action was not the appropriate vehicle for deciding issues presently being litigated in Missouri. On that same day, Alliance moved for summary judgment on the coverage issue raised by the Kernses.

In October 2014, the district court denied the Kernses' motion to dismiss.

In November 2014, the district court granted Alliance's motion for summary judgment, finding that with respect to the auto accident, Alliance owed the Kernses nothing under the policy beyond the $100,000 already paid. The Kernses appealed to our court.

In May 2015, before our court decided the Kernses' appeal, the circuit court in Missouri granted Alliance's motion for summary judgment and found that (1) Kansas law governed the interpretation of the insurance policy and (2) K.S.A. 40-284(d) prohibits stacking of UM coverage.

Given the circuit court's ruling, our court concluded in November 2015 that the issue presented in the appeal of the district court's ruling in the declaratory judgment action had become moot because of the Missouri court's May 2015 ruling on the same issue. We vacated the district court's decision granting Alliance's motion for summary judgment and remanded with directions that the district court dismiss the action without prejudice. *Alliance Indemnity Co. v. Kerns*, No. 112,871, 2015 WL 7434692, at *2 (Kan. App. 2015) (unpublished opinion).

At this point we note in passing that the Kernses did not request attorney fees in accordance with Supreme Court Rule 7.07 (2017 Kan. S. Ct. R. 50) for this first appeal. Although the Kernses briefly address this matter in their reply brief in our present case,

5

they did not raise the matter in their opening brief, so we need not address it. See *Seaboard Corp. v. Marsh Inc.*, 295 Kan. 384, 422, 284 P.3d 314 (2012).

On remand, the Kernses moved the district court for an order awarding them attorney fees and expenses. They argued that they were entitled to attorney fees under the insurance policy because they successfully defended against Alliance's declaratory judgment action. They also claimed that because they prevailed in the action and the Alliance policy covered "damage to property by hail, etc.," they were entitled to attorney fees under K.S.A. 40-908. Finally, they asserted that their attorney fees should be considered "costs" under the Uniform Declaratory Judgments Act (UDJA), thus entitling them to attorney fees.

Alliance argued that in their request for fees the Kernses misapplied *Upland Mutual Insurance v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974), which involved a declaratory judgment action to determine whether the insurer had the duty to defend and indemnify an insured against a third-party liability claim. Alliance also argued that the district court did not have authority to award fees under K.S.A. 40-908 because the Kernses had not obtained a judgment against Alliance or proved that Alliance owed additional benefits under the policy's UM coverage. Further, Alliance asserted that the district court lacked authority to award the Kernses attorney fees under the UDJA because the UDJA did not provide for fees and the Kernses had not obtained a judgment against Alliance under the Act. Finally, Alliance contended that the Kernses failed to preserve the right to appellate attorney fees and the district court lacked authority to award those fees.

In May 2016, the district court held a hearing on the Kernses' motion, dismissed the declaratory judgment action as mandated by our court, and denied the Kernses' motion for attorney fees.

6

In July 2016, the circuit court in Missouri entered judgment in favor of Alliance, against the Kernses, again holding that they were not permitted to stack UM coverage under the Alliance policy.

The Kernses' appeal again brings the matter to us. They contend that the district court erred in finding they were not entitled to attorney fees under the UDJA, K.S.A. 40-908, or the insurance policy.

*Review Standards*

Whether the district court has authority to award attorney fees is a question of law over which our review is unlimited. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013). Interpretation of a statute is also a question of law over which our review is unlimited. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 459 (2015).

In examining a statute we look for the intent of the legislature in enacting it. The intent of the legislature governs if that intent can be determined. *State, ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). We look for legislative intent by examining the words used by the legislature, giving common words their ordinary meaning. When the words are clear and the statute is unambiguous, we do not speculate about the legislative intent behind its clear language. We also refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

Interpretation of an insurance policy presents a question of law over which we have unlimited review. *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 257, 225 P.3d 707 (2010). In interpreting the Alliance policy, we apply the following rules of construction:

7

"In construing an insurance policy, a court should consider the instrument as a whole and endeavor to ascertain the intention of the parties from the language used, taking into account the situation of the parties, the nature of the subject matter, and the purpose to be accomplished. [Citation omitted.] Insurance policy language is tested by what a reasonably prudent insured would understand the language to mean, not by what the insurer intended the language to mean. [Citation omitted.]" *Iron Horse Auto, Inc. v. Lititz Mut. Ins.*, 283 Kan. 834, 839, 156 P.3d 1221 (2007).

If an insurance policy is ambiguous, the ambiguity is construed against the insurer. See *Lee Builders, Inc. v. Farm Bureau Mut. Ins. Co.*, 281 Kan. 844, 858, 137 P.3d 486 (2006).

*Bases for an Award of Attorney Fees*

Kansas applies the traditional American rule for attorney fees: our courts will not assess attorney fees absent a statute authorizing an award of fees or an agreement between the parties. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013); *Unruh v. Purina Mills*, 289 Kan. 1189, 1200, 221 P.3d 1130 (2009). Providing a statutory basis for the recovery of fees "is the legislature's prerogative, and it is not [the] court's place to change these rules." *George v. Capital South Mortg. Investments, Inc.*, 265 Kan. 431, 459, 961 P.2d 22 (1998).

*By Statute*

The Kernses rely on K.S.A. 60-1703 and K.S.A. 60-1711 as statutory authority for granting fees. K.S.A. 60-1703 states:

"Further relief based on a declaratory judgment may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application is sufficient, the court, on reasonable notice, shall

8

require any adverse party *whose rights have been adjudicated by the declaratory judgment*, to show cause why further relief should not be granted." (Emphasis added.)

K.S.A. 60-1711 states: "In any proceeding under [the UDJA] the court may make such award of costs as may seem equitable and just." The Kernses assert that "costs" referred to in K.S.A. 60-1711 include attorney fees and expenses incurred in defending against the declaratory judgment action.

The Kernses rely on decisions from other states in which fees were awarded in declaratory judgment actions. In the noninsurance cases cited by the Kernses, the party claiming fees prevailed in the declaratory judgment action. In the sole insurance case they cite, *R.D. Offutt Co. v. Lexington Ins. Co.*, 494 F.3d 668, 675 (8th Cir. 2007), the insured prevailed on an issue of coverage for property losses under North Dakota law which provided that attorney fees may be awarded against an insurance company in a declaratory judgment action when coverage exists under the insured's policy. The court in *Offutt* cited *State Farm Fire & Cas. Co. v. Sigman*, 508 N.W.2d 323, 326-27 (N.D. 1993), wherein the North Dakota Supreme Court explained:

> "Litigation between an insurance company and its insured to determine coverage presents a unique situation. The insured pays premiums to receive protection, not a lawsuit from its insurer. *When the insured gets that policy protection only by court order after litigating coverage*, it is both 'necessary' and 'proper' to award attorney fees and costs to give the insured the full benefit of his insurance contract." (Emphasis added.)

A similar holding was obtained in *Elliott v. Donahue*, 169 Wis. 2d 310, 324-25, 485 N.W.2d 403 (1992), in which the Wisconsin Supreme Court concluded that "supplemental relief under [the Wisconsin declaratory judgment statute] may include a recovery of attorney fees incurred by the insured *in successfully establishing coverage under an insurance policy*." (Emphasis added.)

9

The parties moving for fees in all of the Kernses' cited cases had their rights adjudicated in the declaratory judgment action and prevailed. In the insurance cases, the insureds prevailed in their claims for coverage under their policies of insurance. But here, the Kernses merely obtained a dismissal without prejudice of Alliance's declaratory judgment action. They did not obtain a judgment declaring that Alliance owed them additional benefits under the UM provision of the Alliance policy. Indeed, at the time of dismissal, they readily admitted that the issue of UM coverage was still pending in Missouri, and that issue was ultimately decided against them by the circuit court in Missouri. K.S.A. 60-1703 is predicated upon a party's rights having been adjudicated in the declaratory judgment action. No such adjudication occurred here in the Kansas case. The case was merely dismissed without prejudice.

Further, the plain language of the UDJA does not authorize a district court to award fees to parties who successfully defend against a declaratory judgment action. We find no reference in the UDJA to attorney fees. When the legislature intends to provide for the recovery of attorney fees, it knows very well what language to use in the statute to achieve that end.

Although K.S.A. 60-1711 states that "costs" are permitted, statutes that allow for attorney fees state it explicitly. See, *e.g.*, K.S.A. 16-1305 (in an action for violating a lawn and garden dealership agreement, the supplier will be liable to the retailer for "the actual costs of the action, including attorney, paralegal and expert witness fees"); K.S.A. 23-9,313 (under Uniform Interstate Family Support Act, "[a]ttorney fees may be taxed as costs"); K.S.A. 26-509 (in eminent domain proceedings when the jury's verdict is greater than the appraiser's award, "the court may allow as court costs an amount to be paid to the landowner's attorney as attorney fees"); K.S.A. 50-505 (in injunction action for unfair trade practices relating to dairy products, the court shall assess against the defendant "the costs, including reasonable attorney's fees").

10

Further, our Supreme Court has explicitly rejected the notion that "costs" include attorney fees. *Legislative Coordinating Council v. Stanley*, 264 Kan. 690, Syl. ¶ 5, 957 P.2d 379 (1998).

> "Attorney fees are not a part of costs, absent express statutory authority. See *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 700, 366 P.2d 219 (1961). Attorney fees may be chargeable as costs where specific statutory provisions allow recovery. See *Allison v. Board of Johnson County Comm'rs*, 241 Kan. 266, 269, 737 P.2d 6 (1987). Where the legislature uses the word 'costs,' it means the fees and charges of the court such as filing fees, fees for service of process, and the like. See *Divine v. Groshong*, 235 Kan. 127, 141, 679 P.2d 700 (1984)." *Legislative Coordinating*, 264 Kan. at 703.

Kansas does not stand alone in this holding. Other states have held that "costs" do not include attorney fees. See *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon*, 141 Idaho 537, 112 P.3d 825 (2005) (holding Idaho UDJA does not provide authority to award attorney fees in a declaratory action); *Trs. of Ind. Univ. v. Buxbaum*, 315 Mont. 210, 69 P.3d 663 (2003) (holding Montana UDJA provision allowing court to make award of costs does not authorize an award of attorney fees); *Pub. Entity Pool v. Score*, 658 N.W.2d 64 (S.D. 2003) (holding no provision in South Dakota's Declaratory Judgment Act allows for an award of attorney fees to the prevailing party); *Soundgarden v. Eikenberry*, 123 Wash. 2d 750, 871 P.2d 1050 (1994) (holding that "costs" under the UDJA does not include attorney fees).

But the Kernses also look to K.S.A. 40-908 as a statutory basis for an award of fees. K.S.A. 40-908 provides:

> "That in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in

11

such action including proceeding upon appeal to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

In their motion for attorney fees, the Kernses contended that the insurance policy covered loss by "fire, tornado, lightning, or hail and, thus, K.S.A. 40-908 entitled them to attorney fees."

"**PART D—COVERAGE FOR DAMAGE TO YOUR AUTO**" of the Alliance policy stated:

"**INSURING AGREEMENT**

"**A.**    We will pay for direct and accidental loss to 'your covered auto' or any 'non-owned auto', including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one 'your covered auto' or 'non-owned auto' results from the same 'collision', only the highest appli-cable deductible will apply. We will pay for loss to 'your covered auto' caused by:

"**1.**    Other than 'collision' only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

. . . .

"Loss caused by the following is considered other than 'collision':

. . . .

"**6.**    Hail, water or flood."

While the Alliance policy covered losses to the insured auto caused by hail, water, or flood, the district court found that the Kernses did not obtain a judgment against Alliance and, therefore, the court concluded that K.S.A. 40-908 did not entitle the Kernses to attorney fees.

12

On appeal, the Kernses argue that it makes no difference whether a money judgment was entered against Alliance or whether a judgment of dismissal was entered against Alliance. They mistakenly equate the dismissal without prejudice of the declaratory judgment action with a victory for them on the merits.

In *Hamilton v. State Farm Fire & Cas. Co*., 263 Kan. 875, 953 P.2d 1027 (1998), the Kansas Supreme Court considered the application of K.S.A. 40-908 in a case in which the insurer denied coverage for property damage to the insured's home. The insured successfully sued the insurer on the policy. When the district court denied the insured's motion for attorney fees, the insured appealed. In reversing the district court's denial of fees, our Supreme Court held:

"We conclude K.S.A. 40-908 is designed to provide for attorney fees for the homeowner upon successful suit under the policy absent a tender by the insurance company. Fees shall be allowed as a part of the costs under the statute where the homeowner obtains judgment for a covered loss under the homeowner's policy, *which judgment is in excess of any amount tendered by the insurance company before commencement of the action*. Application of the statute is not dependent upon the type of loss incurred. Rather, providing all conditions of the statute are met, costs, including reasonable attorney fees, are awarded where policy coverage for the loss incurred by the insured homeowner exists." (Emphasis added.) 263 Kan. at 882.

The Kernses rely on *Bussman v. Safeco Ins. Co. of Am*., 298 Kan. 700, 729, 317 P.3d 70 (2014), in which the Kansas Supreme Court reiterated that to recover attorney fees under K.S.A. 40-908, an insured must demonstrate that a judgment was rendered against an insurance company on any policy that insures property against loss by fire, tornado, lightning, or hail.

But in our present case, the district court did not render a judgment against Alliance on the nature and extent of UM coverage under its policy. The court simply

dismissed the action without prejudice. The Kernses did not obtain a judgment against Alliance, and the district court's ruling did not affect the substantive right of the parties. The only ruling on the merits of the issue was by the circuit court in Missouri, which determined that the Kernses had no claim for additional benefits under the Alliance policy beyond the amount already paid.

Besides, the dismissal of the declaratory judgment action did not result in the Kernses' recovery of a judgment in excess of Alliance's pre-suit tender of $100,000. K.S.A. 40-908 specifically requires an insured seeking fees to show that the insured obtained a judgment for an amount in excess of a pre-suit tender by the insurer. This did not happen here.

Based on the foregoing analysis, we find no statutory basis to support the Kernses' claim for attorney fees.

*By Agreement*

The Kernses argue that the district court erred in finding the insurance policy did not entitle them to attorney fees incurred in defending against Alliance's declaratory judgment action. They based their claim for fees before the district court on "**PART A— LIABILITY COVERAGE**" of the policy.

"**INSURING AGREEMENT**
"**A.**     We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the 'insured'. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend

14

any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy.

. . . .

"**SUPPLEMENTARY PAYMENTS**

"We will pay on behalf of an 'insured':

. . . .

"5.      Other reasonable expenses incurred at our request."

The Kernses also relied on a provision found in "**PART E—DUTIES AFTER AN ACCIDENT OR LOSS**" of the policy:

"**B.**      A person seeking any coverage must:

"1.      Cooperate with us in the investigation, settlement or defense of any claim or suit."

The district court denied the Kernses' motion for fees, finding that the insurance policy did not entitle the Kernses to attorney fees incurred in defending against Alliance's declaratory judgment action.

Alliance did not bring its declaratory judgment action to determine whether it had a duty to defend the Kernses against or indemnify the Kernses for a third-party liability claim. On appeal, the Kernses assert that the insurance policy entitled them to attorney fees because, regardless of the purpose, they successfully defended against Alliance's declaratory judgment action. The Kernses rely on *Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974), to support this assertion.

In *Upland Mutual*, the insurance policy provided liability coverage and obligated the insurer to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage. The policy also provided that with respect to liability coverage, the insurer was required to

15

pay all reasonable expenses incurred by the insured at the insurer's request. The insurer brought an action to have the court declare that the insurer owed no duty to defend against a specific third-party claim against its insured. The district court determined that the insured was entitled to fees for defending against the declaratory judgment action, and our Supreme Court agreed.

> "In this case the trial court ruled that Upland Mutual is obligated to pay the Noels' attorney fees incurred in the declaratory judgment suit . . . because the filing of this suit constituted a 'request' by Upland and therefore the company is obligated under its policy to reimburse the insured Noels for all reasonable expenses incurred at the company's request." 214 Kan. at 152.

But in our present case, contrary to the situation in *Upland Mutual*, Alliance's declaratory judgment action did not involve an interpretation of the duty to defend and indemnify against a third-party claim under PART A of the policy. To the contrary, the declaratory judgment action here involved Cherity's first-party claim for additional benefits under the UM coverage found in PART C of Alliance's policy. There is no "request" language found in PART C to support the recoupment of fees as is found in PART A.

The Kernses rely on *Great West Casualty Company v. See*, 185 F. Supp. 2d 1164 (D. Nev. 2002); *Standard Accident Ins. Co. of Detroit, Mich. v. Hull*, 91 F. Supp. 65 (S.D. Cal. 1950); *Occidental Fire and Casualty Co. v. Cook*, 92 Idaho 7, 435 P.2d 364 (1967); *Security Mutual Casualty Co. v. Luthi*, 303 Minn. 161, 226 N.W.2d 878 (1975), as support for an award of fees under the policy. But those cases all involved fees incurred by an insured in a declaratory judgment action to determine whether the insurer had the duty to defend the insured against a specific third-party liability claim. Those cases address a different insuring agreement of the policy and do not apply to a controversy over first-party coverage for UM benefits.

16

As a final argument, the Kernses assert in their reply brief that, "[w]hen the insurance company sues for declaratory judgment and is unsuccessful, the insured shouldn't be 'out' anything." They argue that "there was never any reason whatsoever for the Declaratory Judgment action to have been filed because all of the issues were pending in another Court." Ironically, that other court ultimately ruled against the Kernses. But Alliance contended in that suit that it did not engage in business in Missouri and, consequently, the circuit court in Missouri did not have jurisdiction over it. Alliance contends that the district court in Kansas was the proper forum for the insurer and insured to litigate their coverage dispute. The coverage issue arose under a Kansas policy issued by a Kansas company to Kansas residents and involved a collision in Kansas between Kansas drivers. Thus, there was a sound basis for Alliance to seek to litigate the coverage question in Kansas rather than in Missouri.

Based upon this analysis, we find neither a statutory basis nor an agreement between the parties for the payment of attorney fees under the circumstances of this case. Accordingly, the district court did not err in denying the Kernses' motion for attorney fees incurred in defending against Alliance's declaratory judgment action.

Following oral argument of this case, the Kernses filed their motion pursuant to Supreme Court Rule 7.07(b) (2017 Kan. S. Ct. R. 50) for attorney fees incurred in connection with this appeal. Under the circumstances, and in view of the outcome of this appeal, that motion is denied. Alliance has also moved for fees. Their fee application is based on Supreme Court Rule 7.07(c). We find that Alliance is entitled to attorney fees pursuant to this provision of our Supreme Court's rules, and we award attorney fees for Alliance's counsel on appeal in the sum of $6,908.

Affirmed. Appellants' motion for attorney fees on appeal is denied. Appellee's motion for attorney fees on appeal is granted. Alliance is awarded attorney fees on appeal in the sum of $6,908.

17