**COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania Corporation, Plaintiff and Appellee,**

v.

**William C. PUGH, Defendant and Appellant,**

**and**

**any parties in possession, Defendants.**

**Civil No. 960027.**

Supreme Court of North Dakota.

Nov. 13, 1996.

Sara B. Gullickson, of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, MN, for plaintiff and appellee. Submitted on brief by Craig R. Campbell.

William C. Pugh, Wayzata, MN, pro se.

VANDE WALLE, Chief Justice.

William C. Pugh appealed from a district court order dismissing, without prejudice, the mortgage foreclosure complaint of Commonwealth Land Title Insurance Company (Com-

monwealth) and Pugh's counterclaim. We affirm.

From 1989 until 1994, Pugh owned and operated Sierra Title Company (Sierra), a Minnesota title insurance company, with its principal office in Edina, Minnesota. Commonwealth was Sierra's underwriter. On January 28, 1994, Pugh executed a personal confession of judgment providing, in part:

"I do hereby consent to the entry of judgment against me in the principal amount of One Million Dollars ($1,000,000), less payments made, plus interest . . . in favor of Commonwealth. . . . This Confession of Judgment is given by me for the purpose of securing payment for certain trust funds which were the property of Commonwealth, but which were unjustly retained by me. This Confession of Judgment has been offered and signed contemporaneous with a Promissory Note and certain real property mortgages made by me in favor of Commonwealth."

Pugh signed a similar confession for Sierra. In conjunction with the confessions of judgment, Pugh also executed a $75,000 note in favor of Commonwealth and secured it with a mortgage of real estate in Devils Lake, North Dakota.

Commonwealth sued Pugh and Sierra in Hennepin County, Minnesota, on February 7, 1994. Pugh and Sierra answered and counterclaimed. On January 6, 1995, Commonwealth caused judgment to be entered against Pugh for $884,557.33 pursuant to the confession of judgment. The amount of the judgment represented the $1,000,000 confession of judgment, less amounts previously recovered by Commonwealth. On April 14, 1995, Commonwealth dismissed its action, without prejudice, upon stipulation of the parties, but without any impact on the judgments entered pursuant to the confessions of judgment.

In October 1994, Commonwealth sued to foreclose its mortgage on the Devils Lake real estate. Pugh answered and counterclaimed, alleging, among other things, that "any execution of any documents by him was done under duress, coercion, and misrepresentation," and that there was no indebtedness. Pugh sought damages, dismissal of

Commonwealth's complaint, and discharge of the underlying note and mortgage. Commonwealth moved for voluntary dismissal of its foreclosure action under Rule 41(a)(2), N.D.R.Civ.P., and for summary judgment dismissing Pugh's counterclaim under Rule 56, N.D.R.Civ.P. The district court, over Pugh's objection, dismissed Commonwealth's foreclosure action, without prejudice, upon Commonwealth paying Pugh $2,500 for attorney fees and $500 for costs and disbursements. The district court dismissed Pugh's counterclaim under the doctrine of forum non conveniens and because it "may be an impermissible collateral attack of a judgment docketed by the plaintiff against the defendant in Hennepin County, Minnesota."

Pugh contends that the district court should not have allowed Commonwealth to voluntarily dismiss its foreclosure action after he answered and counterclaimed and the counterclaim could not remain pending for independent adjudication. Rule 41(a)(1), N.D.R.Civ.P., allows a plaintiff to voluntarily dismiss its action without order of court before the defendant serves an answer, or, after the answer has been served, by stipulation of all parties. If a defendant has answered the complaint and does not stipulate to the plaintiff's voluntary dismissal of the action, the plaintiff's voluntary dismissal is governed by Rule 41(a)(2), N.D.R.Civ.P., which provides:

"(2) *By Order of Court.* Except as provided in paragraph (1), an action may not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court considers proper. If a counterclaim has been pleaded by a defendant before service of the plaintiff's motion to dismiss, the action may not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

"[A] motion for voluntary dismissal under Rule 41(a)(2) is within the sound judicial discretion of the court and the order is reviewable only for abuse of discretion." *Hoffman v. Berry,* 139 N.W.2d 529, 532

(N.D.1966). A trial court abuses its discretion when its decision is not the product of a rational mental process by which the facts and law relied on are stated and considered together for the purpose of achieving a reasoned and reasonable determination. *Matter of Conservatorship of Kinney,* 495 N.W.2d 69, 71 (N.D.1993).

Commonwealth moved to dismiss its foreclosure action when it "determined that the property does not have sufficient value to make continued pursuit of foreclosure worthwhile economically." Pugh opposed the dismissal motion on the ground that Commonwealth was seeking to avoid discovery and litigating Pugh's counterclaim. As the trial court observed, "the counterclaim could go forward even if I dismiss anything else." We conclude that Pugh's counterclaim could "remain pending for independent adjudication by the court," and the trial court did not abuse its discretion in granting Commonwealth's motion for voluntary dismissal.

■ Pugh contends that his counterclaim should not have been dismissed on the ground of forum non conveniens. Rule 4(b)(5), N.D.R.Civ.P., provides:

"(5) *Inconvenient Forum.* If the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any condition that may be just."

Under that provision, a court with jurisdiction "could determine that the action be heard in another forum and dismiss the action in this State in the interest of substantial justice because of inconvenience to the parties." *Lumber Mart, Inc. v. Haas Int'l Sales & Serv., Inc.,* 269 N.W.2d 83, 88 (N.D.1978). "The doctrine of forum non conveniens establishes the right of a court to resist imposition upon its jurisdiction even though such could properly be invoked." *Holme v. Jason's Lounge,* 168 Mich.App. 132, 423 N.W.2d 585, 586 (1988). A trial court may make a forum non conveniens ruling sua sponte. *Haynes v. Carr,* 379 A.2d 1178, 1180 (D.C.App.1977). Whether or not to dismiss under the doctrine of forum non conveniens "depends greatly on the specific facts of the proceeding before the court." *W.R. Grace & Co. v. Hartford Acci-*

*dent & Indem. Co.,* 407 Mass. 572, 555 N.E.2d 214, 217 (1990). The decision lies in the discretion of the trial court and will be reversed only for an abuse of discretion. *Farley v. McDonnell Douglas Truck Servs., Inc.,* 432 Pa.Super. 456, 638 A.2d 1027, 1029 (1994).

■ Rule 4(b)(5), N.D.R.Civ.P., was drawn, almost verbatim, from § 1.05 of the Uniform Interstate and International Procedure Act, 13 U.L.A. 377 (1986). Explanatory Note, Rule 4, N.D.R.Civ.P. Section 1.05 of the Uniform Act was drawn from Wis.Stats. Ann. § 262.19 (now § 801.63), which gave the trial court discretion to require trial of an action in a forum in another state. Comment, Uniform Interstate and International Procedure Act § 1.05. The trial court may consider such things as amenability of the parties to personal jurisdiction, party and witness convenience, conflict of law rules, and "any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial." *Id.*

■ Pugh's counterclaim alleged that he signed the documents underlying the action under duress, coercion and misrepresentation; there was no default; there was no indebtedness; funds sufficient to satisfy the obligation were paid to Commonwealth; Commonwealth interfered with his economic expectation; he suffered emotional distress; and he sought damages and discharge of the underlying note and mortgage. Pugh conceded in the hearing on the motions that he could sue Commonwealth in Minnesota. Pugh's claims could be litigated in Minnesota, where the confession of judgment, the note and the mortgage were all executed, where the parties and witnesses reside or do business, and where the acts complained of in Pugh's counterclaim must have occurred, if at all. We conclude that the trial court did not abuse its discretion in dismissing Pugh's counterclaim on the ground of forum non conveniens.

■ In light of our conclusion that the trial court did not abuse its discretion in dismissing Pugh's counterclaim on the ground of forum non conveniens, we need not address whether the court should have dis-

missed the counterclaim on the ground that it was an impermissible collateral attack on a judgment entered in Minnesota. "Questions, the answers to which are not necessary to the determination of a case, need not be considered." *Hospital Servs., Inc. v. Brooks,* 229 N.W.2d 69, 71 (N.D.1975).

Affirmed.

SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.