2001 ND 40

**Bryce C. ANDERSON, and Tienne L. Anderson, Plaintiffs and Appellants,**

v.

**Karen JACOBSON, Personal Representative of the Estate of Allen R. Fischer, Defendant and Appellee.**

No. 20000064.

Supreme Court of North Dakota.

Feb. 21, 2001.

Michael Ray Hoffman, Bismarck, ND, for plaintiffs and appellants.

Brenda L. Blazer, Zuger Kirmis & Smith, Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Bryce and Tienne Anderson appealed from a judgment dismissing, on its merits, their action for damages against Allen Fischer.[1] The Andersons also appealed from an order denying their motion for new trial. We hold the jury verdict is not irreconcilable but represents a logical and probable decision on the relevant issues as submitted, the verdict is supported by substantial evidence, and the trial court did not abuse its discretion in denying the motion for new trial. We affirm.

I

[¶ 2] On July 25, 1994, Bryce Anderson was driving his vehicle northbound on Highway 83 in McLean County. As he approached an intersection at Totten Trail, Allen Fischer, who was driving his vehicle southbound on Highway 83, entered the intersection and made a left turn. Fischer failed to yield to Anderson and their vehicles collided. Anderson suffered a cut to his head, and he was taken to the emergency room in Garrison, where he was treated and released.

[¶ 3] As a result of the accident, Anderson experienced neck and back pain and numbness in his left hand. He sought treatment from several doctors and filed this action for damages against Fischer. Anderson's spouse, Tienne Anderson, joined the lawsuit, seeking damages for loss of her husband's consortium. Bryce sought damages for past economic loss, including medical bills of $15,758.75 and lost wages of $2,300 for a swimming coach position he claims he was unable to continue for the 1995–1996 school year because of his injuries. He also sought $75,000 for past noneconomic loss, and $225,000 for future noneconomic loss. Tienne sought $75,000 for her loss of consortium.

---

1. Allen Fischer died on January 7, 2000, and Karen Jacobson, personal representative of his estate, has been substituted as party defendant.

[¶ 4] Fischer conceded he was 100 percent responsible for the automobile accident and also conceded Anderson expended $1,514 for medical bills resulting from the accident. However, Fischer defended the action, alleging most of the damages sought by Anderson were either caused by Anderson's failure to follow his doctors' instructions for treating his injuries or for ailments unrelated to the accident. The jury entered a special verdict finding Anderson did not receive "a serious injury" in the accident and also finding the fault of Anderson and Fischer each to be 50 percent of the proximate cause of the damages sought by Anderson. The jury found Anderson had past economic loss of $3,000 and past noneconomic loss of $10,000. Based upon the jury's findings that Anderson had not experienced a serious injury and that he was 50 percent at fault in causing his damages, the trial court entered a judgment awarding the Andersons no damages and dismissing their action on its merits.[2]

[¶ 5] The Andersons filed a motion for new trial, asserting there is insufficient evidence to support the jury verdict and the jury's finding Bryce Anderson did not receive a serious injury is irreconcilable with the jury's finding he incurred $3,000 in past economic loss. The trial court concluded "there was sufficient evidence to support the jury's findings on fault and the amount of damages caused by the motor vehicle accident" and "there was a logical basis for the jury's answers to the questions posed in the special verdict." The trial court entered an order denying the motion for new trial.

## II

■ [¶ 6] The Andersons claim the jury's special findings that Bryce Anderson did not suffer a serious injury in the collision but that he incurred past economic loss of $3,000 are irreconcilable and

require reversal for a new trial. We uphold special verdicts on appeal whenever possible and set aside a jury special verdict only if it is perverse and contrary to the evidence. *Fontes v. Dixon,* 544 N.W.2d 869, 871 (N.D.1996). We have adopted the following test for reconciling apparent conflicts in a jury's verdict:

"[W]hether the answers may fairly be said to represent a *logical and probable decision* on the relevant issues as submitted. If after a review of the district court's judgment no reconciliation is possible and the inconsistency is such that the special verdict will not support the judgment entered below or any other judgment, then the judgment must be reversed and the case remanded for a new trial." (Citation omitted). (Emphasis in original).

*Barta v. Hinds,* 1998 ND 104, ¶ 6, 578 N.W.2d 553. We reconcile a verdict by examining both the law of the case and the evidence to determine whether the verdict is logical and probable or whether it is perverse and clearly contrary to the evidence. *Id.*

■ [¶ 7] Under N.D.C.C. § 26.1–41–08(1)(a) a secured person is exempt from liability to pay damages for noneconomic loss arising from operation of a motor vehicle unless the victim incurs a serious injury:

1. In any action against a secured person to recover damages because of accidental bodily injury arising out of the ownership or operation of a secured motor vehicle in this state, the secured person is exempt from liability to pay damages for:

    a. Noneconomic loss unless the injury is a serious injury.

Under N.D.C.C. § 26.1–41–01(21) serious injury is defined:

"Serious injury" means an accidental bodily injury which results in death, dis-

---

**2.** Under N.D.C.C. § 32–03.2–02 a person is barred from recovering any damages if that person's "fault was as great as the combined fault of all other persons who contribute to the injury."

memberment, serious and permanent disfigurement or disability beyond sixty days, or medical expenses in excess of two thousand five hundred dollars.

This is a statutory threshold requirement for seeking noneconomic damages in an automobile accident, and the burden is on the plaintiff to allege and establish this threshold has been met. *Reisenauer v. Schaefer*, 515 N.W.2d 152, 155 (N.D.1994). The parties agree that to prove serious injury in this lawsuit Bryce Anderson had to show he incurred medical expenses in excess of $2,500. The jury found Anderson did not incur a serious injury, but it also found he incurred past economic loss of $3,000. The Andersons assert these findings are irreconcilable.

[¶ 8] Bryce Anderson requested an award of past economic loss for medical bills totaling $15,758.75 and for loss of a coaching salary of $2,300. While Fischer conceded his negligence in causing the automobile accident and also conceded his negligence caused Anderson to expend $1,514 for medical bills, Fischer disputes that Anderson's other medical expenses or the loss of the coaching salary resulted from or were caused by Fischer's negligence. Fischer claims most of Anderson's medical bills and the loss of the coaching salary were either caused by Anderson's failure to follow his doctors' treatment advice or resulted from physical ailments such as tension and work stress, unrelated to the automobile accident.

[¶ 9] On the record evidence, the jury could have determined Bryce Anderson incurred $3,000 of past economic loss but did not incur the threshold $2,500 of medical expenses by concluding the loss of the coaching salary was to some extent, but not entirely, attributable to Fischer's negligence, and that some medical expenses, but less than $2,500, were attributable to Fischer's conduct. The jury is able to gauge the credibility of the evidence and determine the extent of injuries and damages, and it is proper for the jury to accept part, without accepting all, of a plaintiff's claimed damages. *See Nesseth v. Omlid,* 1998 ND 51, ¶¶ 14–15, 574 N.W.2d 848. Because the jury could have logically and consistently found on the evidence presented that Anderson incurred $3,000 of past economic loss but did not meet the medical expense threshold, the jury verdict in this case was logical and probable and was not irreconcilable or clearly contrary to the evidence.

### III

[¶ 10] The Andersons claim the trial court abused its discretion in refusing to grant a new trial on the ground there is insufficient evidence to support the jury's verdict. Under N.D.R.Civ.P. 59(b)(6) a new trial can be granted when a jury verdict is unsupported by sufficient evidence or is contrary to the law. The trial court cannot grant a new trial merely because it disagrees with the jury's verdict, when the evidence is nearly balanced or where different minds could reach different conclusions. *Mauch v. Manufacturers Sales & Service, Inc.,* 345 N.W.2d 338, 344 (N.D.1984). On appeal, we review the evidence in the light most favorable to the verdict, and the trial court's refusal to grant a new trial based upon insufficiency of the evidence will not be disturbed unless a manifest abuse of discretion is shown. *Id.* A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Braunberger v. Interstate Engineering, Inc.,* 2000 ND 45, ¶ 7, 607 N.W.2d 904.

[¶ 11] The trial court gave the following relevant instructions to the jury, without objection by either party:

> The law requires that fault be apportioned among those parties and other persons you have found to be at fault in causing the Plaintiff's damages.

> Defendants' and other persons' fault may consist of negligence. Plaintiff's fault may consist of failure to mitigate damages.

If, by your answers, you have determined that two or more persons are at fault and that their fault was a proximate cause of Plaintiff's damages, you must apportion fault among them.

. . . .

A patient has a duty to provide material information upon request and to follow reasonable advice given by the physician.

. . . .

If, following the defendant's wrongdoing, the physical condition of the plaintiff becomes aggravated due to natural causes unrelated to the injury or by any conduct of a third person unrelated to the defendant's wrongdoing, the defendant cannot be held liable for the aggravated condition.

. . . .

Defendant, Allen Fischer, admits he was at fault in causing the motor vehicle collision. Allen Fischer asserts that the plaintiff, Bryce Anderson, was not injured in the manner or to the extent claimed. Fischer also asserts that the plaintiff, Bryce Anderson, failed to mitigate his damages by failing to follow the advice and recommendations of his doctors. He denies liability for the damages claimed by Bryce and Tienne Anderson not caused by the motor vehicle collision or damages which could have been avoided if Bryce Anderson had followed medical advice.

These unopposed jury instructions became the law of the case. See Grenz v. Kelsch, 436 N.W.2d 552, 554 (N.D.1989). The jury was instructed that in making a comparative fault analysis it could consider Fischer's negligence in causing the automobile accident and Bryce Anderson's fault, if any, in failing to follow his doctors' advice or in otherwise failing to mitigate his damages.

[¶ 12] The Andersons introduced evidence to demonstrate that all of their claimed economic and noneconomic damages were proximately caused by Fischer's negligence in causing the automobile accident. Fischer introduced evidence that most of the damages claimed by the Andersons were proximately caused by Bryce Anderson's failure to follow his doctors' prescribed treatments and that some of the claimed injuries were the result of work stresses or other factors unrelated to the automobile accident.

[¶ 13] There is record evidence that on several occasions Bryce Anderson failed to complete physical therapy and chiropractic regimens prescribed by his treating doctors and that his failure resulted in a continuation of pain and other injury symptoms which, by following his doctors' advice, may have been alleviated. There was expert medical opinion that the soft tissue injuries sustained by Bryce Anderson in the automobile accident should have resolved within five weeks to six months of the accident and that Anderson's pain and other symptoms beyond that time could be explained by causes unrelated to the accident, such as daily stress and deconditioning.

[¶ 14] After reviewing the record evidence in the light most favorable to the verdict, we conclude the jury's verdict is not against the weight of the evidence but is supported by substantial evidence. As a result the trial court did not abuse its discretion in denying the Andersons' motion for a new trial for insufficiency of the evidence, and we, therefore, affirm the judgment and the order denying a new trial.

[¶ 15] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., and LAWRENCE A. LECLERC, D.J., concur.

[¶ 16] LECLERC, D.J., sitting in place of KAPSNER, J., disqualified.