2001 ND 206

**Ricky BELGARDE, Sr., Cora Belgarde, individually and on behalf of their minor children, Kenneth Carl Belgarde, Patrice Belgarde, and Ricky Belgarde, Jr., Plaintiffs and Appellants,**

v.

**Floyd ASKIM, Defendant and Appellee,**

and

**The Minot Housing Authority, Defendant.**

No. 20010179.

Supreme Court of North Dakota.

Dec. 20, 2001.

Larry M. Baer (argued), and Robert G. Ackre (appeared), Ackre Law Firm, Cando, ND, for plaintiffs and appellants.

Moody M. Farhart, Farhart Law Firm, Minot, ND, for defendant and appellee Floyd Askim.

KAPSNER, Justice.

[¶ 1] Cora and Ricky Belgarde, individually and as parents of Kenneth, Patrice, and Ricky, Jr. (collectively, the "Belgardes") appeal from the trial court's dismissal with prejudice of their claims against Floyd Askim. Because the trial court's analysis was incomplete, it abused its discretion in sanctioning the Belgardes by dismissing with prejudice their negligence claim of providing and installing a defective stove. The trial court also failed to identify any viable reason for dismissing the Belgardes remaining claims. We reverse and remand for further proceedings consistent with this opinion.

I

[¶ 2] The Belgardes rented a house from Askim in Minot. Because the Belgardes qualified for federal housing assistance, this rental relationship was set up and partially funded by the Minot Housing Authority. The Belgardes, along with their four children, moved into the house on June 1, 1992. As landlord, Askim agreed to provide a stove and refrigerator for the rental unit.

[¶ 3] On September 22, 1993, the stove in the rental unit allegedly turned over and spilled boiling water on three of the Belgarde children. In November 1993, a Minot attorney sued Askim on behalf of the Belgardes and their three injured children. The stove was inspected at Belgardes' attorney's request by an inspector of his choosing. While the attorney directed the inspector not to complete an in-depth report of his inspection, a letter setting out some of his preliminary findings was sent to the attorney. In December 1993 the parties stipulated to a dismissal of this action.

[¶ 4] Following dismissal, Askim stored the stove for an unknown period of time before disposing of it sometime before the Belgardes refiled their suit. Suit was refiled against Askim and the Minot Housing Authority on September 27, 1999 by a different attorney. The complaint alleged breach of express and implied warranties of habitability, breach of contract in not providing a working refrigerator and stove, and negligence in providing an allegedly defective stove. On December 13, 2000, the claims against the Minot Housing Authority were dismissed with prejudice.

[¶ 5] On January 15, 2001, Askim moved for the sanction of dismissal of the causes of action against him. His motion was based upon the Belgardes failing to request preservation of the stove, or for failing to take any steps to preserve the stove. Askim argues without the stove he neither would be able to mount adequate defenses nor would the Belgardes be able to prove their prima facie case. Based on its inherent power to sanction, the trial court granted Askim's motion and dismissed all of the Belgardes' claims with prejudice. The Belgardes have appealed.

II

[¶ 6] "Sanctions may be appropriate when evidence relevant to the lawsuit is destroyed." *Bachmeier v. Wallwork Truck Centers,* 507 N.W.2d 527, 532 (N.D.1993) ("*Bachmeier I* "). "The trial court has broad discretion in determining when sanctions are appropriate, and what sanctions to impose." *Id.* at 534. A trial court's use of its inherent power to impose sanctions for the destruction of evidence

will be overturned on appeal only upon showing an abuse of discretion. *Id.* at 533. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Anderson v. Jacobson*, 2001 ND 40, ¶ 10, 622 N.W.2d 730. "A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Kopp v. Kopp*, 2001 ND 41, ¶ 7, 622 N.W.2d 726. A trial court also abuses its discretion "when it misinterprets or misapplies the law. . . ." *Woodworth v. Chillemi*, 1999 ND 43, ¶ 7, 590 N.W.2d 446.

[¶ 7] When using its inherent power to sanction a party, a "case-by-case analysis of all the circumstances presented in the case" is required. *Bachmeier I*, 507 N.W.2d at 534. While all the circumstances must be considered, we have focused on three factors—"the culpability, or state of mind, of the party against whom sanctions are being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the case; and, the availability of less severe alternative sanctions." *Id.*

[¶ 8] In *Bachmeier I*, we reversed and remanded a trial court's sanction of summary judgment against a party when the party failed to preserve evidence, in that case the right front hub of a truck. *Id.* at 535. The party moving for sanctions had argued it would be irreparably prejudiced without the actual hub in question. *Id.* at 534. We directed the trial court to make findings as to why less restrictive sanctions were not appropriate:

> Although we agree with [the defendant] and the trial court that the actual hub would be superior to the photographs and the testimony of [a metallurgical engineer], dismissal of a case with prejudice requires more than an undifferentiated finding of prejudice. Prejudice is a matter of degree, and trial courts have the duty to impose the least restrictive sanction in light of the circumstances. A determination of the appropriate sanction in a case such as this requires consideration of the significance of the detriment to [the defendant] (and possibly to Bachmeier, as well), the culpability of Bachmeier, and the efficacy of lesser sanctions for leveling the playing field. Without these considerations, the trial court's analysis is incomplete.

*Id.* at 535. On remand, the trial court once again granted summary judgment for the defendant, only this time we noted the trial court addressed the three factors of culpability, prejudice, and availability of less severe sanctions. *Bachmeier v. Wallwork Truck Centers*, 544 N.W.2d 122, 124 (N.D.1996) ("*Bachmeier II* ").

[¶ 9] In the case before us, the trial judge produced a memorandum in which he holds the Belgardes at fault for the loss of the stove because they did not take steps to preserve the stove. The trial judge wrote "[t]he plaintiffs after December 13, 1993 did nothing to protect the interest of their own litigation other than to photo on November 15, 1999 a stove that they believed to be 'the stove,' the critical evidence in this case." The trial judge did not address the factors of prejudice to the party moving for sanctions and the availability of less severe sanctions. He instead focused on culpability, in particular, he focused on the Belgardes not preserving, or arranging for preservation of, the stove in issue. Without consideration of prejudice to the moving party and the availability of less severe sanctions, the trial court's analysis is incomplete. *See Bachmeier I*, 507 N.W.2d at 535.

[¶ 10] As the party moving for the sanction of dismissal, Askim must convince the trial court he is prejudiced by the unavailability of the stove. In this case, unlike *Bachmeier I,* where the critical piece of evidence was destroyed by a third party, Askim destroyed the stove. *See id.* at 530. Askim now seeks protection against the Belgardes' claims through sanctions in the form of dismissal of the claims. In his brief in support of his motion for summary judgment, Askim simply asserted he "has no opportunity to present a defense without the actual stove to show that it's [sic] condition was not defective." He quoted from *Bachmeier II* and wrote his ability to demonstrate causation is significantly impaired. *See Bachmeier II,* 544 N.W.2d at 127. The trial court did not address the sufficiency of these mere assertions.

[¶ 11] In *Bachmeier I,* we directed the trial court that it could not merely rely on assertions of counsel. *Bachmeier I,* 507 N.W.2d at 535. Mere assertions were not adequate in *Bachmeier I* because we were "not convinced that this is a case where unavailability of the hub, in and of itself, is adequate proof of prejudice." *Id.* As in *Bachmeier I,* the current record does not support a conclusion that Askim's defense would be "insurmountably difficult" without the stove. *See id.* There are photographs of the stove, and the stove was examined in 1993 by an expert initially retained by the Belgardes. Askim has not sufficiently buttressed his claim of prejudice with adequate proof. Because the district court's analysis is incomplete and a misapplication of the law, the district court abused its discretion by dismissing with prejudice the Belgardes' negligence claim.

### III

[¶ 12] In addition to alleging negligence, the Belgardes' complaint also alleged breach of express and implied warranties of habitability and breach of contract in not providing a working refrigerator and stove. The Belgardes' complaint alleged breach of express and implied warranties of habitability in that the following were defective and out of repair: the windows, refrigerator, stove, roof, plumbing, floor coverings, interior painting, stairwell handrail, ceilings, and light fixtures. The stove was just one out of many allegedly defective components of the rental unit. The breach of express and implied warranties of habitability and the breach of contract claims can go forward with or without the stove in question. The trial court did not make any findings on the warranty and contract claims. The trial court erred when it failed to identify any legal impediment which would prevent these causes of action from going forward.

### IV

[¶ 13] In sanctioning the Belgardes by dismissing their causes of action, the trial court must consider the culpability of the Belgardes, prejudice against Askim, and the availability of less severe sanctions. Because the trial court did not consider these three factors, it abused its discretion in dismissing the Belgardes' negligence claim. The trial court also failed to identify any reason for dismissing the remaining express and implied warranties of habitability and contractual claims.

[¶ 14] We reverse and remand for further proceedings consistent with this opinion.

[¶ 15] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.