2003 ND 122

**Robert RINGSAKER, Claimant and Appellee,**

v.

**The NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellant,**

and

**Yellow Freight System, Respondent.**

No. 20020335.

Supreme Court of North Dakota.

July 18, 2003.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellee.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, N.D., for appellant.

SANDSTROM, Justice.

[¶ 1] The North Dakota Workers Compensation Bureau ("Bureau") appealed from a district court judgment requiring the Bureau to accept Robert L. Ringsaker's claim and provide benefits. We conclude the district court reasonably decided to sanction the Bureau for its tardy filing of a brief, but conclude the court abused its discretion in the sanction imposed. We reverse the judgment and remand for further proceedings.

I

[¶ 2] On February 3, 2000, Ringsaker filed a claim for workers compensation benefits for a work-related shoulder injury. The Bureau denied the claim. After a hearing, a hearing officer found "Ringsaker has suffered an injury to his right shoulder resulting from a work related incident which occurred in the Winter of 1996," concluded "Ringsaker failed to timely file his claim for entitlement within one year of having actual knowledge of his right shoulder injury in the Winter of 1996, or from when a reasonable person should have known of the compensable nature of his right shoulder condition," and recommended dismissal of Ringsaker's claim. The Bureau adopted the hearing officer's recommended order as its final order.

[¶ 3] Ringsaker appealed from the Bureau's order to the district court. The district court administrator notified the parties' attorneys that Ringsaker's "brief must be submitted on or before JULY 10, 2002," and the Bureau's "brief shall be served and filed within 10 days after service" of Ringsaker's brief. The Bureau's attorney requested an extension of time for filing the brief, asserting he was going to be on vacation and had other briefs and hearings scheduled. With the request, the Bureau's attorney submitted for the court's signature a proposed order providing, in part:

> IT IS HEREBY ORDERED, that North Dakota Workers Compensation shall have until August 2, 2002 in which to file its appellee's brief in this matter.

The court signed the proposed order on July 9, 2002.

[¶ 4] The Bureau's brief was mailed on August 2, 2002. In an August 6, 2002, letter to the parties' attorneys, the district court noted the Bureau's brief was mailed on August 2, 2002, but "[t]he actual filing occurred on August 5, 2002." The court further stated: "The appellee's brief is late and the court will not consider it. Judgment for the appellant." The Bureau moved for reconsideration, which the court denied, explaining: "The [Bureau] was late and since it was the [Bureau's] request for a continuance, timing is everything." A judgment was entered requiring the Bureau to accept Ringsaker's "claim for injury as compensable and provide appropriate benefits as provided under Title 65, N.D.C.C."

[¶ 5] The Bureau appealed to this Court, contending the district court abused its discretion in sanctioning the Bureau by ordering judgment in favor of Ringsaker, and contending Ringsaker's claim was barred by N.D.C.C. § 65–05–01, because it

was not filed within one year of Ringsaker's injury.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06, 28–32–42, and 65–10–01. The Bureau's appeal was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 7] The Bureau contends the district court abused its discretion in sanctioning the Bureau by ordering judgment in favor of Ringsaker. Ringsaker asserts: "The Bureau could have avoided the District Court's 'sanction' easily by: (1) filing it[s] brief on time, or (2) requesting another extension. Instead, the Bureau treated the matter like a game of horseshoes and assumed the District Court would just sort of go along."

[¶ 8] The district court's order granting the Bureau additional time to submit a brief gave the Bureau "until August 2, 2002 in which to file its appellee's brief in this matter." The Bureau said in its brief:

> In accordance with NDWC's understanding of the July 9 Order extending the due date for NDWC's brief to August 2, NDWC served its Appellee's Brief on the parties by mail on August 2 and mailed the original to the court for filing. August 2 was a Friday; the brief was received and filed in Ward County on Monday morning, August 5.

Thus, the Bureau has recognized it did not file its brief until August 5, 2002, although the court's order required it to be filed by August 2, 2002.

[¶ 9] As this Court said in *Rueckert v. Rueckert*, 499 N.W.2d 863, 866 (N.D.1993), "service by mail ... is complete upon mailing," but "filing ... re-quires actual receipt." The Bureau's brief was mailed on August 2, 2002, the day it was required by the court's order to be filed. It was not filed until it was actually received on August 5, 2002. The Bureau's brief was clearly late and violated the court's order.

[¶ 10] "[L]itigants have an unflagging duty to comply with clearly communicated case-management orders." *Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir.1998). The trial court has an inherent power to sanction. *City of Jamestown v. Snellman*, 1998 ND 200, ¶ 8, 586 N.W.2d 494; *Bachmeier v. Wallwork Truck Centers*, 507 N.W.2d 527, 532 (N.D. 1993). Furthermore, N.D.R.Ct. 11.5 provides, in part: "The trial court may take any appropriate action against any person failing to perform an act ... required by court order." We conclude that in failing to file its brief by August 2, 2002, the Bureau failed to perform an act required by court order, which was an event for which the district court could impose a sanction.

## III

[¶ 11] Sanctions based on a trial court's inherent power will be overturned on appeal only upon a showing of abuse of discretion. *Bachmeier v. Wallwork Truck Centers*, 507 N.W.2d 527, 533 (N.D.1993). "[F]or violations of pretrial orders, the imposition of an appropriate sanction is ... within the broad discretion of the trial court." *Gohner v. Zundel*, 411 N.W.2d 75, 79–80 (N.D.1987). *See also Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("[W]e examine the trial judge's case-management decisions under an abuse of discretion rubric."); *Rushing v. Kansas City So. Ry. Co.*, 185 F.3d 496, 509 (5th Cir.1999) ("We review a court's case-management decisions, including whether to impose sanctions for violations of a

scheduling order and local rules, and the choice of sanction ... for abuse of discretion.").

[¶ 12] "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Grinnell Mut. Reinsurance Co. v. Center Mut. Ins. Co.*, 2003 ND 50, ¶ 51, 658 N.W.2d 363. "A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Kopp v. Kopp*, 2001 ND 41, ¶ 7, 622 N.W.2d 726.

[¶ 13] "Appropriate action" under N.D.R.Ct. 11.5 for failing to perform an act required by court order "includes a sanction provided by Rules 5, 11, 16, 25, 30, 37, 40, 45, or 56, N.D.R.Civ.P." Rule 37(b)(2), N.D.R.Civ.P., provides a number of sanctions, including taking designated facts to be established, refusing to allow a party to support or oppose designated claims or defenses, striking pleadings, or rendering a judgment by default. In determining when sanctions are appropriate, and what sanction to impose, a trial court must consider several factors:

When using its inherent power to sanction a party, a "case-by-case analysis of all the circumstances presented in the case" is required. *Bachmeier I*, 507 N.W.2d at 534. While all the circumstances must be considered, we have focused on three factors—"the culpability, or state of mind, of the party against whom sanctions are being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting

or defending the case; and, the availability of less severe alternative sanctions." *Id.*

*Belgarde v. Askim*, 2001 ND 206, ¶ 7, 636 N.W.2d 916. For violations of pretrial orders, as with discovery abuses, "dismissal of a claim should ... not be used if an alternative, less drastic sanction is available and just as effective." *Gohner v. Zundel*, 411 N.W.2d at 79.

[¶ 14] Here, as in *Belgarde*, 2001 ND 206, 636 N.W.2d 916, the trial court considered only culpability and did not address prejudice or the availability of less severe sanctions than requiring the Bureau to accept Ringsaker's claim and provide benefits. Without consideration of prejudice and the availability of less severe sanctions, the trial court's analysis is incomplete. *Id.* at ¶ 9. We conclude the trial court's analysis was incomplete and it abused its discretion in sanctioning the Bureau as it did.

### IV

[¶ 15] Both parties have argued the merits question of whether or not Ringsaker timely filed his claim for benefits. When the district court on appeal has not decided the merits of an administrative agency's decision, this Court has declined to address the merits and has remanded to the district court for its decision on the merits. *See, e.g., Gross v. North Dakota Dep't of Human Servs.*, 2002 ND 161, ¶ 11, 652 N.W.2d 354. We decline to address the merits on this appeal.

### V

[¶ 16] The judgment is reversed, and the matter is remanded to the district court for determination of an appropriate sanction for the Bureau's tardy filing of its brief in the district court and for a deter-

mination of Ringsaker's appeal of the Bureau's decision.

[¶ 17] LAWRENCE A. LECLERC, D.J., GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.

[¶ 18] The Honorable LAWRENCE A. LECLERC, D.J., sitting in place of KAPSNER, J., disqualified.