2016 ND 139

**Matthew VISCITO, Mary Lynn Berntson, and Florence Properties, LLC, Plaintiffs and Appellants**

v.

**Kevin CHRISTIANSON, Pace's Lodging Corporation, Mednational, LLC, Aurora Medical Park No. 2, LLC, and Jeff Sjoquist, Defendants and Appellees.**

No. 20150285.

Supreme Court of North Dakota.

June 30, 2016.

Jordan T. Schuetzle, Grand Forks, N.D., for plaintiffs and appellants.

Michael T. Andrews, Fargo, N.D., for defendants and appellees.

McEVERS, Justice.

[¶ 1] Matthew Viscito, Mary Lynn Berntson, and Florence Properties, LLC, (collectively "Viscito") appeal from a judgment entered on remand awarding Kevin Christianson, Pace's Lodging Corp., Mednational, LLC, Aurora Medical Park No. 2, LLC, and Jeff Sjoquist (collectively "Christianson") attorney fees of $33,405.14. We conclude the district court on remand did not follow our mandate in *Viscito v. Christianson*, 2015 ND 97, 862 N.W.2d 777 ("*Viscito I*"), when the court applied N.D.R.Civ.P. 41 to justify the full amount of its prior attorney fees and costs award. We reverse and remand.

I

[¶ 2] Our prior decision in *Viscito I*, 2015 ND 97, 862 N.W.2d 777, sets forth relevant facts in this case, which we repeat here only insofar as necessary to assist in resolving the issues raised in this appeal.

[¶ 3] Viscito sued Christianson asserting claims regarding the parties' agreement to build, own, and lease a hospital. On August 1, 2013, the district court granted Christianson's motion to compel arbitration, ordering the parties to complete arbitration within six months. On January 30, 2014, Viscito moved for an extension of time to complete arbitration. In response Christianson opposed the motion, moved to dismiss the action with prejudice, and requested "costs and fees incurred herein" under N.D.R.Ct. 11.5. In March 2014 the district court held a hearing on the parties' motions and ruled from the bench that the case be dismissed without prejudice and awarded Christianson reasonable attorney fees and costs. In May 2014 the court entered a judgment of dismissal without prejudice, awarding Christianson $33,405.14 for the full amount of costs and

attorney fees Christianson had incurred in defending the entire case.

[¶ 4] Viscito appealed the judgment, arguing the district court had abused its discretion in awarding all of Christianson's costs and attorney fees incurred throughout the case because the court misinterpreted the rules authorizing sanctions. In *Viscito I*, 2015 ND 97, ¶¶ 31, 34, 862 N.W.2d 777, we reversed the court's award and remanded for a determination of authority on which the court had imposed sanctions and for findings necessary to support its award. As we explained, the record did not permit a meaningful review of the district court's sanction:

Based upon a review of the record, we are unable to determine the authority the district court relied on for awarding attorney's fees and costs. In Christianson's motion to dismiss, it requested attorney's fees and costs under N.D.R.Ct. 11.5. Although Christianson cited N.D.R.Civ.P. 41(b) [governing involuntary dismissal] in its supplemental brief in support of the motion to dismiss with prejudice, it appears Christianson cited N.D.R.Civ.P. 41(b) to support its argument that the case should be dismissed *with prejudice*, rather than to support its request for attorney's fees and costs. Under N.D.R.Civ.P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Because N.D.R.Civ.P. 41(b) does not explicitly authorize an award of attorney's fees and costs, and the district court dismissed without prejudice, it appears the district court did not award Christianson attorney's fees and costs under this rule.

As noted above, Christianson requested sanctions under N.D.R.Ct. 11.5. Under N.D.R.Ct. 11.5, "[t]he trial court may take any appropriate action against any person failing to perform an act required by the rules or required by court order. Appropriate action includes a sanction provided by Rules 5, 11, 16, 25, 30, 37, 40, 45, or 56, N.D.R.Civ.P." Because Christianson argued Viscito failed to obey a pretrial order, N.D.R.Civ.P. 16(f) applies to this case. Under N.D.R.Civ.P. 16(f)(1)(C), "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney: . . . fails to obey a scheduling or *other pretrial order.*" (Emphasis added.) If a court orders a sanction under N.D.R.Civ.P. 16(f), "the judge must order the party, its attorney, or both to pay the reasonable expenses, including attorney fees, *incurred because of any noncompliance with this rule,* unless the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." N.D.R.Civ.P.16 (f)(2) (emphasis added).

Rule 16, N.D.R.Civ.P., limits the award of sanctions to reasonable expenses, including attorney fees, incurred *"because of any noncompliance with this rule."* Specifically, N.D.R.Civ.P. 16 limits the fees and costs to those reasonable expenses incurred as a result of the failure to obey a pretrial order. If N.D.R.Civ.P. 16 is the basis for the sanction, the district court should have limited its award of attorney's fees and costs to those incurred as a result of Viscito's violation of the court order compelling arbitration be completed within six months. The district court provided no reasoning to explain why it awarded attorney's fees and costs for the entire matter.

We are also unable to determine whether the district court relied on its inherent power to sanction because it did not reference its inherent power to sanction, nor did it conduct the necessary analysis.

"A district court has the inherent power to sanction a litigant for misconduct." *Dronen v. Dronen,* 2009 ND 70, ¶ 51, 764 N.W.2d 675. "Inherent power sanctions require case-by-case analysis of all the circumstances presented in the case." *Bachmeier v. Wallwork Truck Ctrs.,* 507 N.W.2d 527, 534 (N.D.1993).

Sanctions must be reasonably proportionate to the misconduct. When sanctioning a party, the district court should consider the culpability, or state of mind, of the party against whom sanctions are being imposed; a finding of prejudice against the moving party, and the degree of this prejudice, including the impact it has on presenting or defending the case; and, the availability of less severe alternative sanctions.

*Dronen,* 2009 ND 70, ¶ 52, 764 N.W.2d 675 (citations omitted) (quotation marks omitted).

Here, the district court did not address any prejudice Christianson suffered as a result of Viscito's failure to comply with the court order compelling arbitration be completed within six months, and it did not consider the availability of a less severe alternative sanction. *See Ringsaker v. N.D. Workers Comp. Bureau,* 2003 ND 122, ¶ 14, 666 N.W.2d 448 ("Without consideration of prejudice and the availability of less severe sanctions, the trial court's analysis is incomplete."). As such, we are unable to determine whether the district court awarded Christianson attorney's fees and costs under its inherent authority to sanction.

*Viscito I,* 2015 ND 97, ¶¶ 25–30, 862 N.W.2d 777.

[¶ 5] On remand, however, rather than addressing the grounds for a sanction discussed in our opinion remanding the case, Christianson moved the district court for an award of attorney fees and costs under N.D.R.Civ.P. 41(a)(2) and (d). Christianson argued the district court's prior award of attorney fees and costs had been a "term and condition" of a "voluntary dismissal" without prejudice because Viscito sought and received the previous dismissal in response to Christianson's motion for sanctions. Viscito responded that the district court was without authority to issue sanctions, Christianson failed to show prejudice, Viscito had not sought a voluntary dismissal, the arbitration claim was not duplicative litigation, and the court was limited in its award of fees.

[¶ 6] In June 2015, the district court on remand held a hearing on Christianson's motion under N.D.R.Civ.P. 41(a)(2) and (d). The court subsequently granted the motion and entered judgment in August 2015, ordering Viscito to pay Christianson attorney fees of $33,405.14, the full amount of its previous award.

## II

[¶ 7] Viscito argues that the district court was without authority to award fees, that Viscito did not request a voluntary dismissal under N.D.R.Civ.P. 41(a), that there is no other basis in law for the district court's attorney fees award, and that the district court abused its discretion when the court failed to follow this Court's mandate and misapplied the law. We conclude our decision in *Viscito I* and the law of the case doctrine are dispositive of the issues raised in this appeal.

Generally, the law of the case is defined as the principle that if an appellate court has passed on a legal question and

remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, [t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal *or which would have been resolved had they been properly presented in the first appeal.* The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms.... and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.

*Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 16, 821 N.W.2d 760 (citations and quotation marks omitted); *see also Inv'rs Title Ins. Co. v. Herzig,* 2013 ND 13, ¶ 10, 826 N.W.2d 310.

[¶ 8] Viscito argues that they did not request a voluntary dismissal under N.D.R.Civ.P. 41(a), leading to the earlier May 2014 judgment of dismissal, and that the district court did not follow our mandate on remand after *Viscito I* in its award in the August 2015 judgment. Christianson responds that while this Court held Viscito had preserved their objection to an award of sanctions under N.D.R.Ct. 11.5, Viscito had "never objected to the actual terms and conditions of the voluntary dismissal they received." Christianson's argument, however, belies the difference between the district court's authority to impose a "sanction" for failure

to follow a district court order—which we discussed at length in *Viscito I*—and a "term and condition" for a voluntary dismissal under N.D.R.Civ.P. 41.

[¶ 9] While Viscito moved the district court for an extension of time to complete arbitration, at the March 2014 hearing Viscito agreed in the alternative, stating "we are comfortable with a dismissal without prejudice." Christianson responded, however, the only dismissal appropriate was dismissal with prejudice. Christianson argued at the hearing, "[W]e just think it's a flagrant violation of the Court's Order. We think a dismissal with prejudice would be appropriate. The case law, the rules, your inherent authority gives you the ability to do it."

[¶ 10] Generally, after a defendant has answered the complaint and does not stipulate to a plaintiff's voluntary dismissal of the action, N.D.R.Civ.P. 41(a)(2) governs voluntary dismissal and provides:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.* If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is *without prejudice.*

(Emphasis added.)

[¶ 11] "[A] motion for voluntary dismissal under Rule 41(a)(2) is within the sound judicial discretion of the court and the order is reviewable only for abuse of discretion." *Commonwealth Land Title Ins. Co. v. Pugh,* 555 N.W.2d 576, 578 (N.D.1996) (quoting *Hoffman v. Berry,* 139 N.W.2d 529, 532 (N.D.1966)). We have

said an award of attorney fees to the defendant is a proper part of the "terms and conditions" a district court may impose in ordering a voluntary dismissal. *See State Farm Fire and Cas. Co. v. Sigman,* 508 N.W.2d 323, 326 n. 3 (N.D.1993); *Hoffman,* 139 N.W.2d at 533–34. We have also said, however, that when a plaintiff finds the district court's imposed terms and conditions for voluntary dismissal unacceptable, *i.e.,* too onerous, the plaintiff "should be permitted not to accept the dismissal." *Hoffman,* at 533.

■ [¶ 12] One treatise has further discussed the court's authority to "impose" conditions for voluntary dismissal under Rule 41(a)(2):

> Although the power to set terms and conditions is vested in the court, the plaintiff may move for dismissal on conditions stated in the plaintiff's motion; under these circumstances, the court either must grant the motion on the conditions offered or deny the motion. Dismissal would not be voluntary if more onerous conditions were imposed. *The more common practice, however, is for the plaintiff simply to move for dismissal without mentioning conditions. The trial court then will specify on what conditions it will allow dismissal. If the conditions are too onerous, the plaintiff need not accept the dismissal on those terms.*
>
> . . . .
>
> *The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous. If the plaintiff accepts dismissal but does not meet the conditions, the order of dismissal may be made with prejudice.* At least one court of appeals has held that the district court explicitly must specify that a failure to comply with the conditions will result in the entry of a dismissal with prejudice.

> A condition that the plaintiff pay the defendant's costs is satisfied only by the payment of the costs and not by the mere entry of a judgment against the plaintiff for the costs. *The court may give the plaintiff the choice between a dismissal with prejudice upon payment of taxable costs and a dismissal without prejudice upon payment of the defendant's expenses.*

9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 2366, at 522–49 (2008) (footnotes omitted and emphasis added). Although courts have discretion to impose terms and conditions under Rule 41(a)(2), courts should also "provide the plaintiff with an opportunity to withdraw the motion to dismiss in light of the conditions imposed 'to insure that substantial justice is accorded to *both* parties' " and "[n]ot affording the plaintiff an opportunity to withdraw the motion for voluntary dismissal is tantamount to an abuse of discretion." *Tagupa v. VIPDesk,* 135 Hawai'i 468, 353 P.3d 1010, 1019 (2015). This approach is consistent with our decision in *Hoffman.*

[¶ 13] In *Viscito I,* 2015 ND 97, ¶¶ 25–30, 862 N.W.2d 777, we treated the district court's award of attorney fees and costs as a "sanction," rather than a "term or condition" for voluntary dismissal. We did so despite Christianson's argument in that appeal that the district court had "acted within its discretion" under N.D.R.Civ.P. 41 and that imposing "the terms and conditions upon a dismissal without prejudice should be substantial so as to protect the defendant from multiple suits." We held determinative that, in the prior district court proceedings, Christianson had moved to dismiss the case and requested "costs and fees incurred herein" under N.D.R.Ct. 11.5 and had filed a supplemental brief in support of the motion to dismiss, arguing Viscito's case should be dismissed with

prejudice under N.D.R.Civ.P. 41(b), for failure to prosecute or comply with a court order. *Viscito I*, at ¶ 23. We specifically concluded the district court had not awarded attorney fees and costs under N.D.R.Civ.P. 41(b). *See Viscito I*, at ¶¶ 25–26. We also note that N.D.R.Civ.P. 41 is not one of the enumerated rules under N.D.R.Ct. 11.5.

[¶ 14] Here, the district court on remand effectively recast its prior sanction as a term and condition for voluntary dismissal when the court justified its entire award under N.D.R.Civ.P. 41 based on Christianson's motion. That disposition may have in fact been appropriate in the first instance, assuming Viscito had clearly agreed and been given an opportunity to withdraw their purported "request" or "agreement" to dismiss without prejudice after the March 2014 hearing. Nonetheless, that was not the procedural posture of this case after this Court remanded for further proceedings in *Viscito I*.

■ [¶ 15] In reversing the district court's award of costs and attorney fees, we remanded only "for a determination of authority on which the district court *imposed sanctions* and findings necessary to support such an award." *Viscito I*, 2015 ND 97, ¶ 31, 862 N.W.2d 777 (emphasis added). So to be clear, in *Viscito I*, at ¶¶ 25–30, we treated the district court's award as the imposition of a sanction and provided the requisite analysis for calculating the award under either N.D.R.Civ.P. 16 or the court's inherent power to sanction. This was not dicta, and the ultimate calculation will in all likelihood be less than the entire amount of Christianson's attorney fees and costs leading up to the entry of the May 2014 judgment of dismissal. We therefore conclude the district court did not follow this Court's directive on remand and in so doing violated the mandate rule. We reverse and remand for the district court to provide the authority for its sanctions awarding costs and attorney fees and to provide findings necessary to support its award, or if none is provided, to vacate the award.

[¶ 16] Viscito has indicated in this appeal that the costs from their prior successful appeal were not included in the August 2015 judgment. Because we are reversing, that issue may be also addressed on remand.

### III

[¶ 17] We have considered the remaining issues and arguments and deem them to be without merit or unnecessary to our opinion. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ, concur.